UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ANTONIO CARNEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:10-CV-411-TS |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Antonio Carney, a prisoner proceeding *pro se*, filed this habeas corpus petition challenging a prison disciplinary determination. [ECF No. 1.] District courts are obligated to review a habeas petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases.

In MCF 10-02-0036, Carney was found guilty of committing battery in violation of disciplinary rule B212. [ECF No. 1-1 at 7.] The charge was initiated on February 4, 2010, when Sgt. K. Macy prepared a conduct report stating as follows:

> On the above date and approximate time, I Sgt. K. Macy . . . observed Offender Carney, Antonio DOC #P-344 engaged in an altercation (fight) with Offender Schofner, Brian DOC #191076 P-428. Both Offender[s] were throwing punches and grabbing clothing. Also involved in this altercation was offender Cook, Carrington DOC #121766 J-422. Offender Cook's aggression (punching) was also directed at offender Carney. I Sgt. K. Macy gave several verbal commands to stop fighting and instructed them to get on the ground. Offender Carney and Offender Cook did comply with my orders at that time. Offenders Cook and Carney were then both placed in mechanical wrist restraints and escorted to SCU without further incident.

[ECF No. 1-1 at 2.] On that same date, Correctional Officer E. Brown prepared the following witness statement:

> On 2/4/10 a[t] approx 1739 I C/O Brown, E. . . . observed Ofd Cook, Carrington doc #121766, Ofd Carney, Antonio doc #158144, and Ofd Schofner, Brian doc #191076 engaged in an[] altercation (fighting) on phase II yard center walk. Sgt Macy order[ed] these three offenders to get on the ground which Ofd Cook, and Ofd Carney complied and were placed in restraints

[ECF No. 1-1 at 4.]

On February 8, 2010, Carney was notified of the charges. [*Id.* at 6.] The screening report reflects that he pled not guilty, requested a lay advocate, and did not request any witness statements or physical evidence. [*Id.*] On February 10, 2010, a hearing officer conducted a disciplinary hearing. [*Id.* at 7.] He found Carney guilty based on staff reports, witness statements, and a video of the incident, which showed three inmates fighting in the location and at the time described by Sgt. Macy and Officer Brown.[1] [*Id.* at 5.] The hearing officer imposed sanctions of lost commissary privileges, disciplinary segregation, and fifteen days lost earned time credits. [*Id.* at 7.] Carney appealed to the facility head and the final reviewing authority, but his appeals were denied. [*Id.* at 9-10.]

When a prisoner loses earned time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) 24 hours advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564–65 (1974). To satisfy due process, the disciplinary decision must also be

---

[1] According to the hearing officer, the distance and location of the camera made it "difficult to distinguish who each offender is" on the video. [ECF No. 1-1 at 5.]

supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Carney raises four claims in his Petition, all of which center around his assertion that he was not the aggressor in the fight and was instead the victim. [ECF No. 1 at 4-5.] Although Carney does not couch any of his claims in terms of a due process violation, the Petition can be read as challenging the sufficiency of the evidence. Carney asserts that he "never assaulted or battered anyone" and that he "was the one being assaulted and injured." [*Id.*] In his view, there was no basis to find him guilty of any offense. [*See id.*]

To satisfy due process, there must be "some evidence" in the record to support the guilty finding. *Hill*, 472 U.S. at 455. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56. A disciplinary determination will be overturned on the basis of insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

In this case, there is ample evidence in the record to support the conclusion reached by the hearing officer. Notwithstanding Carney's claims that he did nothing wrong, Sgt. Macy's conduct report stated that he personally witnessed Carney "throwing punches and grabbing clothes," and Officer Brown stated that he saw all three inmates fighting. These witness statements are enough to satisfy the "some evidence" standard. *Moffat v. Broyles*, 288 F.3d 978,

981 (7th Cir. 2002) (witness statements from guards constituted "some evidence"); *McPherson McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (conduct report provided "some evidence" to support disciplinary determination). The hearing officer was not required to credit Carney's denials, nor was he "required to show culpability beyond a reasonable doubt." *Moffat*, 288 F.3d at 981. To the extent Carney is asking this Court to make its own determination of guilt or innocence, that is not the Court's role. *See Hill,* 472 U.S. at 455. Instead, the question is whether there is some evidence to support the hearing officer's determination, and because the record contains such evidence, habeas relief is not warranted.

For the foregoing reasons, the habeas corpus Petition [ECF No. 1] is **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

SO ORDERED on October 13, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION